UNITED STATES of America

v.

Robert COLEMAN, Susan Blake, et al.

Crim. Nos. 85–363M, 85–404M
and 85–421M.

United States District Court,
District of Columbia.

Sept. 6, 1985.

Daniel E. Ellenbogen, Washington, D.C., for defendants.

Robert E. McDaniel, Asst. U.S. Atty., Washington, D.C., for the Government.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

Before the Court are six (6) pretrial motions which arise out of a criminal action brought pursuant to 36 C.F.R. §§ 50.30(a), 50.5 for loitering and congregating singly and in a group in and about the entrances and exits to the White House in such a way as to hinder and obstruct the sidewalks and roads, and 36 C.F.R. §§ 50.19, 50.5 for demonstrating on the White House sidewalk after Defendants' permit had been revoked for violation of its terms.

The pending motions are:

(1) defendants' motion to furnish defendants a copy of a videotape of their arrest,

(2) defendants' motion to dismiss for vindictive prosecution,

(3) defendants' motion for a bill of particulars,

(4) defendants' motion to allow the defense of international law and necessity,

(5) defendants' motion to dismiss charges, and

(6) defendants' motion for a jury trial.

The government opposes all motions.

Because motions enumerated (2) through (6) above relate to the manner in which Defendants conduct their case, the Court will here address these motions.

*Defendants' Motion to Dismiss for Vindictive Prosecution*

Defendants have raised sufficient questions in their motion to dismiss for vindictive prosecution which this Court believes deserve further discussion. The Court will therefore hear arguments on this Motion before trial on Wednesday, September 11, 1985, at 9:30 a.m.

*Defendants' Motion for a Bill of Particulars*

Defendants bring a motion for a Bill of Particulars under Fed.R.Crim.P. 7(f) claiming that the charging document filed by the government in this case fails to sufficiently inform them of the nature of the charges against them. According to FED. R. CRIM. P. 7(c)(1), "the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." The information in this case sufficiently describes the actions of the defendants (loitering and congregating singly and in a group; continuing to demonstrate after their permit had been revoked for violation of its terms); the date of these actions (April 22, 1985); the place (in and about the entrances and exits of the White House); and the precise regulations which the government claims were violated (36 C.F.R. §§ 50.30(a), 50.19, 50.5). Because the charging document satisfies FED. R. CRIM. P. 7(c)(1), the defendants' motion for a bill of particulars shall be denied.

*Defendants' Motion to Allow the Defense of International Law and Necessity*

■ Defendants move this Court to allow them to introduce evidence at trial regarding defenses of (1) acting under the principles of international law and of (2) justification by virtue of necessity. These defenses are not relevant to the factual issues at hand which are (1) whether the defendants were loitering and (2) whether they continued to protest after their permit had been revoked. Defendants' motion therefore shall be denied under Fed.R.Evid. 402.

*Defendants' Motion to Dismiss Charges*

■ Defendants move this Court to dismiss the charges against them for a variety of reasons including (1) that they caused no property damage or personal injury, (2) that they were acting under the authority of the United States Constitution and international law, (3) that they have already been penalized, and (4) that their prosecution wastes government funds. Absent a showing of prosecutorial misconduct, the Court is without authority to dismiss the government's case on these grounds. Therefore, this motion shall be denied.

*Defendants' Motion for a Jury Trial*

■ Defendants move this Court for a jury trial in this case. The Supreme Court has held that Defendants are entitled to jury trials in serious as opposed to petty cases. In *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1969), the Court held that "no offense can be deemed 'petty' for purpose of the right to trial by jury where imprisonment for more then 6 months is authorized." *Id.* at 69, 90 S.Ct. at 1888. In this case, the Government has charged defendants with two counts with an aggregate maximum penalty of one year in prison and a $1,000 fine. Although the Supreme Court has not addressed the issue of whether it is necessary to consider the aggregated maximum penalty of several counts when deciding whether a jury trial is required, the Tenth Circuit in *United States v. Potvin*, 481 F.2d 380, 383–82 (1973), held that when two offenses arise out of the same act, transaction or occurrence, and the possible penalty for the offenses exceeds 6 months, defendant is entitled to a jury trial. *See also United States v. Goodwin*, 457 U.S. 368, 387–88, 102 S.Ct. 2485, 2495–96, 73 L.Ed.2d 74 (Brennan, J., dissenting). Applying the reasoning of this case, the Court shall grant Defendants a jury trial if the government continues to press both counts.

## ORDER

In accordance with the Memorandum entered this date in the above-captioned action, it is by the Court this 6th day of September, 1985,

ORDERED, that a hearing is scheduled on Defendant's Motion to Dismiss for Vindictive Prosecution before the trial commences on Wednesday, September 11, 1985; and it is

FURTHER ORDERED, that Defendants' Motion for a Bill of Particulars is DENIED; and it is

FURTHER ORDERED, that Defendants' Motion to Allow the Defense of International Law and Necessity is DENIED; and it is

FURTHER ORDERED, that Defendants' Motion to Dismiss Charges is DENIED; and it is

FURTHER ORDERED, that Defendants' Motion for Jury Trial is GRANTED.