**UNITED STATES of America, Plaintiff,**

**v.**

**Joseph D. O'CONNOR, Defendant.**

**No. CR87–74A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 2, 1987.

James E. Fagan, Jr., Asst. U.S. Atty., Atlanta, Ga., for plaintiff.

Winship E. Rees, Lawrenceville, Ga., for defendant.

### ORDER OF COURT

MOYE, Chief Judge.

The above-styled action is before this Court on an appeal from an order by Magistrate Joel Feldman which, *inter alia*, denied the defendant's demand for a jury trial. The defendant has been charged with "driving under the influence" and "reckless driving." Each of these offenses is a "petty" offense as that term is defined in 18 U.S.C. § 1(3). However, because Magistrate Feldman is authorized to impose consecutive sentences pursuant to 18 U.S.C. § 3584(a), the defendant is exposed to a potential penalty of one year's imprisonment, a $1,000.00 fine, and two $25.00 assessments.

The Supreme Court has accorded constitutional stature to the common-law rule that "petty" offenses may be tried without a jury. *See, e.g., Bloom v. Illinois,* 391 U.S. 194, 210, 88 S.Ct. 1477, 1486, 20 L.Ed.2d 522 (1968). Only defendants accused of "serious" crimes are given the right to a trial by jury. *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) (Plurality Opinion). An offense carrying a maximum penalty in excess of six month's imprisonment is considered sufficiently severe to be automatically categorized as "serious." *Baldwin,* 399 U.S. at 69, 90 S.Ct. at 1888.

In this case Magistrate Feldman has stated that, assuming *arguendo* that this is

the defendant's first DUI charge, he would not impose a sentence in excess of six month's imprisonment. Under these circumstances, Magistrate Feldman held that the defendant has no constitutional right to a jury trial. *U.S. v. Sain,* 795 F.2d 888 (10th Cir.1986). The defendant notes, however, that Ninth Circuit has held that a crime can be "petty" as defined in 18 U.S.C. § 1(3) yet be deemed sufficiently "serious" to invoke a constitutional right to a jury trial. *U.S. v. Craner,* 652 F.2d 23 (9th Cir.1981). This Court need not address this split between the circuits.

Without adopting the *Craner* holding, this Court agrees with the *Craner* court that a court should look at the maximum authorized penalty, rather than the actual penalty that has been or is likely to be imposed, when analyzing whether an offense is "serious" enough to implicate the defendant's right to a jury trial. As the *Craner* court stated, "[a]n offense is not 'serious' because it is severely punished; it is severely punished because it is 'serious.' The severity of the prescribed sanctions is regarded as the best objective indication of the general normative judgment of the seriousness of an offense." *Craner,* 652 F.2d at 24. It is the maximum penalty which most, if not all, of the time will reflect the legislative judgment of the "seriousness" of the offense. In this case, the defendant faces a potential sentence of over six month's imprisonment and over a $500.00 fine. On the basis of *Baldwin,* this Court holds that, under these circumstances, the defendant has a constitutional right to a jury trial.

The Court recognizes that a state or the federal government may limit the charge or charges in advance of a trial in order to obviate the necessity of conducting a jury trial and that a court may enter into a pretrial stipulation limiting its sentencing discretion in contempt cases in order to accomplish the same purpose. However, in these cases, the entity making these decisions presumably is familiar with the evidence supporting the charge or charges. Absent the most urgent of circumstances, circumstances which are not apparent to this Court and which certainly are not present here, the Court holds that it is an abuse of discretion for a judge to limit his sentencing discretion in a particular case prior to trial when the judge is unfamiliar with the evidence which will be offered to support the charge or charges in that case.

The main reason for this ruling is readily apparent in the case at bar. Magistrate Feldman predicated his ruling on the assumption that the defendant has no prior record; however, it is entirely possible that the defendant may, in fact, have a prior record or that the underlying facts of this case are such that a sentence of more than six months is appropriate. Should this be the case, the judge would be faced with the situation of either sentencing the defendant to a less than optimal sentence or forcing the government to needlessly expend resources by retrying the defendant, lest his constitutional rights be violated. Additionally, in light of the fact the government has not voluntarily reduced the charges, it is unfair to the defendant, who prefers to risk a potentially greater sentence in order to be tried by a jury of his peers, to deny him his right to a jury trial.

Accordingly, for the foregoing reasons, the judgment below is REVERSED and the cause is REMANDED for further proceedings.