**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mildred P. COPPINS, Defendant–
Appellant.**

**No. 90–5555.**

United States Court of Appeals,
Fourth Circuit.

Argued June 7, 1991.

Decided Dec. 16, 1991.

George Alan DuBois, Jr., Asst. Federal Public Defender, Raleigh, N.C., argued, for defendant-appellant.

Michael Scot Gordon, Sp. Asst. U.S. Atty., Cherry Point, N.C., argued, for plaintiff-appellee.

Before PHILLIPS and NIEMEYER, Circuit Judges, and MERHIGE, Senior District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

PHILLIPS, Circuit Judge:

This appeal presents two issues: whether in assessing a defendant's sixth amendment right to jury trial, entitlement should be determined by reference to the maximum statutory sentence of imprisonment authorized for the offense charged, or by the actual sentence imposed; and whether, if the statutory maximum controls, the entitlement of a defendant charged as the result of a single incident with multiple petty offenses to none of which jury trial right would attach separately, is determined by aggregating the maximum sentences. We hold that entitlement is determined by the legislatively authorized maximum sentence(s) for the offense(s) charged, and that where multiple petty offenses growing out of a single incident are charged the statutory maximum sentences for each are aggregated to determine entitlement. On this basis, we vacate the conviction of appellant Margaret Coppins, who was denied a jury trial on multiple charges of assault and trespass growing out of a single incident, was convicted of the assault charges following a bench trial, and sentenced to pay a fine of $170.

I

In September of 1989, Coppins drove up to the entry gate of the Cherry Point Marine Station, a government military reservation in North Carolina, on her way to her job on the base. She was denied entry by the guard on duty because the official decal on her automobile had expired. Taken to the guard's office to obtain a base pass, she got into a scuffle with two Military Police officers. She allegedly grabbed one by the shoulder and struck the other with her purse.

As a result of the total incident above summarized she was charged in a criminal information with one count of trespassing on a military reservation in violation of 18 U.S.C. § 1382, one count of assault by beating, etc., in violation of 18 U.S.C. § 113(d), and one count of simple assault in violation of 18 U.S.C. § 113(e). The maximum statutory penalty for the trespassing offense is six months imprisonment and a $500 fine; for the assault by beating, etc., offense, also six months imprisonment and a $500

fine; and for the simple assault offense, three months imprisonment and a $300 fine.

Coppins timely filed a request for jury trial on the three joined counts. A magistrate judge denied the request, holding that the authorized punishments for none of the three offenses exceeded six months imprisonment, and that under *Blanton v. North Las Vegas*, 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989), there was no constitutional right to jury trial as to any. Following trial before another magistrate judge without a jury Coppins was found guilty on the two assault counts, not guilty on the trespassing count. She was fined a total of $170 on the two counts of conviction. No term of imprisonment or probation was imposed.

On appeal to the district court, Coppins raised three issues: whether the magistrate judge erred in denying her request for jury trial; whether incompleteness of the trial record made fair review impossible, necessitating a new trial; and whether the evidence was sufficient to convict her on the assault counts.

The district court rejected all three challenges. The record was found adequate to permit fair review, and the evidence of record sufficient to support the findings of guilt. As to the denial of jury trial, the district court found that issue "moot," since on any new trial before a jury the defendant could not, under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), receive any greater penalty than the $170 total fine imposed by the magistrate judge, hence would not be entitled to a jury on the new trial.

This appeal followed.

On the appeal, Coppins only challenges the magistrate judge's denial of her request for jury trial. As to that she contends that where, as here, multiple charges of petty offenses resulting from a single incident are joined for trial, the right to jury trial is determined by aggregating the maximum terms of imprisonment authorized for the several offenses charged. If that is done here the aggregate is fifteen months, and under Supreme Court precedent, that entitled her to jury trial.

The government makes two counter-arguments. Primary reliance is placed on the correctness of the district court's holding that the issue had been made "moot" by the imposition of a penalty whose binding effect on any new trial would make jury trial not then required. In a fall-back position, the government argues on the merits of the issue that, in any event, the proper determinant of jury trial right is not the maximum sentence(s) authorized by statute (whether or not aggregated), but the actual sentence imposed.

## II

We first address the "mootness" issue, and conclude that the district court erred in holding that a defendant's constitutional right to jury trial can in effect be trumped by the imposition of a sentence which, because of its binding effect on retrial, thereby effectively becomes the determinant of the original right. What is being asserted on appeal is the right not to be convicted in the first place except by a jury. An arguably unconstitutionally obtained conviction cannot be immunized from challenge by finding the challenge mooted by the sentence imposed.[1]

## III

Turning to the merits of Coppins' contention that she was erroneously denied a

---

1. To find the jury trial issue mooted in this way is to reach by an untenable, indirect route a result that properly could be reached only if the actual sentence imposed in a case rather than the maximum authorized sentence faced by the defendant were the determinant of jury trial right. If that were so, the proper basis of decision here would be that on the merits there was no right to jury trial on the original trial, rather than that the sentence imposed following that trial has mooted any challenge to that conviction because of its effect on retrial.

As indicated, though the district court relied only on mootness, the government has also sought to uphold the district court's rejection of the jury trial challenge on the more direct basis. *See* Part III A.

right to jury trial, we repeat that it raises two intertwined issues: whether the right is determined by reference to the maximum sentences authorized by statute or by reference to the sentence actually imposed; and whether, whichever the proper reference, the sentences for multiple petty offenses arising from a single incident should be aggregated for this purpose. We take them in the order stated.

### A

■■■ By judicial interpretation, the sixth amendment right to jury trial in criminal cases does not extend to an undefined category of merely "petty offenses," but only to "serious" ones. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). There is no comprehensive bright-line test for determining in all cases whether an offense is petty or serious for this purpose, hence whether jury trial right exists. Some guidelines have, however, emerged. The principal one is the one-way flat rule that "no offense is petty for which imprisonment for more than six months is authorized." *Baldwin v. New York*, 399 U.S. 66, 69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437 (1970). This means that for all such offenses, the right to jury trial exists.

But for the converse situation involving offenses for which imprisonment for more than six months is not authorized, there is no corresponding flat rule. As to such offenses, seriousness, hence jury trial right, is to be sought in "objective indications of the seriousness with which society regards the offense," *Blanton*, 489 U.S. at 541, 109 S.Ct. at 1292 (quoting *Frank v. United States*, 395 U.S. 147, 148, 89 S.Ct. 1503, 1505, 23 L.Ed.2d 162 (1969)). And the most relevant objective indicator is now recognized as being the severity of any maximum penalty that may have been legislatively authorized, reflecting as that does a legislative, hence societal, judgment about the seriousness of the offense. *Id.; United States v. Jenkins*, 780 F.2d 472, 474 (4th Cir.1986). In gauging seriousness by this prime indicator, not only the length of the maximum term of imprisonment but the nature of any other form of punish-ment legislatively authorized is to be taken into account, but there is an ingoing presumption that if the maximum prison term authorized is six months or less, "society views [the] offense as 'petty.'" *Blanton*, 489 U.S. at 543, 109 S.Ct. at 1293. And this presumption can only be overcome by a demonstration that the additional statutory penalties are *so* severe that, coupled with the maximum imprisonment authorized, they reflect a legislative determination that the offense is a serious one. *Id.*

■■■ For our purposes in this case, the critical principle among those above summarized is that the prime indicator of the seriousness of an offense, hence of jury trial right, is the legislative judgment expressed in any maximum sentence of imprisonment authorized by statute. For in laying down this principle, the Supreme Court has expressly rejected the government's fall-back argument here that the sentence "actually imposed" in any case determines jury trial right. Here, that would of course mean that Coppins had no right. But as the *Blanton* Court observed, the legislature rather than the judiciary is the "better equipped" branch to make the societal judgment of seriousness which is at issue here. *Id.* at 541, 109 S.Ct. at 1292. And in making that observation, the Court had occasion to point out that the only circumstances in which the actual sentence imposed rather than the statutory maximum authorized is determinative are those—such as criminal contempt—where the legislature has not authorized a maximum punishment. *Id.* at 542 n. 6, 109 S.Ct. at 1292 n. 6. The government's reliance on the criminal contempt cases *Muniz v. Hoffman*, 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975), and *Taylor v. Hayes*, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974), is therefore misplaced in this case where legislatively authorized maximum penalties are provided.

We therefore hold that the sentence actually imposed here, a fine of $170, is not determinative of Coppins' right to jury trial, but that this must be sought in the

legislatively authorized maximum punishments for the three offenses at issue.[2]

## B

■ This, then, leads to the second issue: whether for this purpose the maximum punishments authorized by statute for these offenses should be aggregated. If not, Coppins had no jury trial right; the offenses separately considered are all concededly "petty." The maximum term of imprisonment authorized for each does not exceed six months, and Coppins does not contend that any of the offenses are shown to be otherwise serious under the *Blanton* standard. But if the maximum sentences authorized may be aggregated, the total term of imprisonment authorized is 15 months, which would make the offenses, so considered, not "petty" under *Baldwin*'s flat rule.

The Supreme Court has not directly addressed the issue of whether the maximum sentences authorized by statute for a number of petty offenses arising from a single incident should be aggregated for this purpose. But there is no apparent reason why the Court's holding in *Codispoti v. Pennsylvania*, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974), that consecutive sentences of imprisonment actually imposed for a series of contempts committed during a single trial should be aggregated for this purpose should not apply also to require aggregation of any maximum sentences authorized by statute where those are determinative of the right. Several lower federal courts have specifically so held. *See United States v. Potvin*, 481 F.2d 380 (10th Cir.1973); *United States v. Musgrave*, 695 F.Supp. 231, 232–33 (W.D.Va.1988); *United States v. Coleman*, 664 F.Supp. 548, 549 (D.D.C.1985). We agree with the reasoning of these courts which essentially, as put by the Tenth Circuit in *Potvin*, is that

defendants can view as no less serious a possible penalty of [fifteen months] in prison when charged with [three] offenses arising out of the same act, transaction or occurrence, than if charged with one offense having a potential penalty of [fifteen months].... Nor ... should [a] court view the offenses any less seriously.

*Potvin*, 481 F.2d at 382.

In this circuit, Judge Michael recently has employed this reasoning from *Potvin* in holding in *Musgrave, supra*, that aggregation was required where defendants were charged in a seven-count information with a connected series of petty offenses. In particular he noted the recognition in *Potvin*, later emphasized in *Haar v. Hanrahan*, 708 F.2d 1547 (10th Cir.1983), that

because modern criminal codes permit multiple charges to flow from a single discrete act of criminality, a criminal prosecution can threaten a defendant with the consequences of a serious offense, even though the defendant is not charged with an offense deemed serious under *Duncan* and *Baldwin*.

*Musgrave*, 695 F.Supp. at 232. In so holding, Judge Michael opined that if presented the issue, this court, looking to the primacy of legislatively authorized maximum punishments as recognized in *Jenkins*, and to the reasoning employed in *Potvin*, would hold aggregation required. *Musgrave*, 695 F.Supp. at 233. We now bear out the prediction, and hold that the maximum sentences of imprisonment authorized for those petty offenses with which Coppins was charged should have been aggregated for purposes of determining her right to jury trial. So aggregated, the maximum authorized sentence of fifteen months entitled Coppins to the jury trial requested. *Baldwin, supra*.

---

**2.** These are the only alternatives presented in this case. A third alternative has been recognized by some courts which have held that a court may, by pretrial formal commitment not to impose a sentence of imprisonment in excess of six months, remove any right to jury trial that otherwise would obtain. *See, e.g., United States*

*v. Bencheck*, 926 F.2d 1512 (10th Cir.1991). We express no opinion on this alternative, noting that the *Bencheck* panel was divided on the issue whether such an alternative survived *Blanton*'s emphasis on the primacy of objective indicators.

Because her request was denied, we vacate her conviction and remand for a new trial.

SO ORDERED.

NIEMEYER, Circuit Judge, dissenting:

Because the offenses with which Mildred Coppins was charged were petty, I would not afford her the right to a jury trial. Simply because the offenses were tried together or on one charging document is, in my judgment, irrelevant to the constitutional inquiry.

The facts are simple and reveal that a short, minor scuffle took place between Coppins and the guards at the gate of the military base in North Carolina where she was employed. When a dispute over an expired gate pass developed, Coppins pushed one guard's shoulder and swung her purse, striking a second. Coppins was charged with three separate misdemeanor charges, one for trespass, one for assault by beating of one guard, and one for simple assault of the other guard. None of the offenses subjected Coppins to a possible sentence of more than six months. If, however, the maximum sentences authorized by statute were required to be served consecutively, she could receive, in the aggregate, 15 months imprisonment.

In response to Coppins' request for a jury trial, the magistrate judge ruled that the offenses were petty and she was not entitled to a jury trial because none of the offenses authorized a penalty of more than six months. The judge pointed out that defendant would be entitled to a jury trial only if she could " 'demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a "serious" one' " (quoting *Blanton v. City of North Las Vegas*, 489 U.S. 538, 543, 109 S.Ct. 1289, 1293, 103 L.Ed.2d 550 (1989)). Following a bench trial Coppins was acquitted of the trespass charge, found guilty of the two assault charges, and sentenced for each offense to pay a fine of $75 and a special assessment of $10. No incarceration or probation was imposed.

On appeal, the district court affirmed the conviction and denied a new trial. The court noted that at that stage, because punishment on retrial would be limited to the $170 which had already been imposed, *see North Carolina v. Pearce*, 395 U.S. 711, 725–26, 89 S.Ct. 2072, 2080–81, 23 L.Ed.2d 656 (1969) (applying a presumption of vindictiveness when an enhanced sentence is imposed on retrial), any retrial would be, almost by definition, for a petty offense for which Coppins would not be entitled to a jury trial. The court reasoned therefore that the issue was moot.

The majority opinion has now ordered a new trial for Coppins because she was denied the constitutional right to a jury trial based on the application of a strict formula that requires adding together the maximum authorized sentences of the individual petty offenses. Because application of that formula exposes Coppins to potential sentences totalling 15 months, the majority determines that she is automatically entitled to a jury trial. *See Duncan v. Louisiana*, 391 U.S. 145, 159–62, 88 S.Ct. 1444, 1452–54, 20 L.Ed.2d 491 (1968) (Only petty offenses may be tried without a jury.) and *Baldwin v. New York*, 399 U.S. 66, 69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437 (1970) (plurality opinion) (An offense is not petty when the term of imprisonment authorized is more than six months.). I respectfully dissent from the adoption of a principle which permits a jury trial solely because offenses are tried together, when, if they were tried separately, no jury trial would be permitted.

In determining whether a criminal defendant is charged with a "serious" offense, for which the defendant is entitled to a jury trial, or a "petty" one for which no jury trial right exists, we focus on objective criteria which reflect the seriousness with which society regards the offense. *See District of Columbia v. Clawans*, 300 U.S. 617, 628, 57 S.Ct. 660, 663, 81 L.Ed. 843 (1937). The most relevant criterion, although not the exclusive one, is found in the maximum authorized penalty for the

offense. *See Frank v. United States,* 395 U.S. 147, 148, 89 S.Ct. 1503, 1505, 23 L.Ed.2d 162 (1969); *Duncan,* 391 U.S. at 159–61, 88 S.Ct. at 1452–53. Without exploring here other criteria that may also be relevant, because it is not necessary to the discussion to do so, I proceed on the basis that the maximum authorized sentence is the relevant determining criterion in this case. That brings us to the question of whether *multiple* charges, each of which is petty in light of its maximum authorized penalty, somehow create a serious offense when charged or tried together so as to entitle the defendant to a jury trial. I respectfully submit that trying petty offenses together, as a procedural efficiency, does not elevate their seriousness.

No legitimate policy urges that the maximum sentences of petty offenses charged in one charging document be aggregated so as to conclude that a "serious offense" has been charged. If each petty offense were charged in a separate charging document and tried separately, the defendant would be tried by the court each time, even if the sentences on each were imposed consecutively. The administrative convenience of trying separate offenses on the same day or even on a single charging document does not change the seriousness of the offenses or the risk to the defendant. The fact remains that the defendant is charged with separate, petty offenses, each constituting a crime for which the defendant would not be entitled to a jury trial. The meaningful constitutional object of inquiry is the *offense* with which the defendant is charged, not the accumulation of offenses tried on a given day or on a given charging document. Judicial efficiency imposed at no greater risk to the defendant should not change the standard for determining whether the defendant is given a jury trial. This is the case where multiple zeros still add up to zero.

In some circumstances, a defendant cannot be prosecuted separately for multiple offenses because of double jeopardy constraints. Because of a particular overlapping in the proofs of separate offenses a prosecutor may be constrained to try multiple charges in one prosecution. *See Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990). Arguably, that circumstance might, at one level of analysis suggest that when petty offenses cannot be tried separately they must somehow be merged to create a single serious offense. Conceptually, that analysis fails because it focuses on conduct rather than on the offense. If the defendant committed multiple offenses, he or she can receive multiple sentences. Their procedural aggregation, for whatever reason, does not elevate the seriousness of any one offense. Even when the offenses charged overlap so completely that one is a lesser included offense of the other, and the defendant cannot properly be sentenced for all offenses charged, *see Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam) ("the Double Jeopardy Clause bars prosecution for the lesser crime after conviction for the greater one"), the analysis is the same. The defendant is entitled to a trial by jury only if any one of the offenses carries a maximum authorized sentence of more than six months.

Only when one charge is elevated in seriousness by the existence of the other, such as under a recidivism statute, would multiple charging cause the elevation of the seriousness of a single offense. *See United States v. Raynor,* 939 F.2d 191, 194 (4th Cir.1991) (holding that conviction on second firearms offense, even though charged in the same indictment as the first, gives rise to enhanced sentence under 18 U.S.C. § 924(c)(1)). And in those cases, the statutorily enhanced sentence resolves the analysis.

Coppins was charged with three separate petty offenses, each of which depends on separate proof, even though arising from a single scuffle. They could undoubtedly be charged and tried separately, in which case there is no dispute that she would not be entitled to a jury trial. Their parallel processing in one trial does not, by operation of some undefined principle, transform them to the level of a single "serious offense" for which a jury trial would be permitted. I would conclude, therefore,

that the defendant is not entitled to a trial by jury and the sentences should be affirmed. For these reasons, I respectfully dissent.