993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Hercules GOODWIN, Jr., Defendant-Appellant.
 No. 92-5828.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 3, 1993
Decided: May 20, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (CR-92-303)
 Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, Eric Wm. Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before RUSSELL and HALL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Hercules Goodwin, Jr., appeals from his conviction and sentence after a bench trial. Goodwin was convicted of a class B misdemeanor assault within a special federal territorial jurisdiction, a violation of 18 U.S.C. § 113(d) (1988). Finding no error, we affirm.
 
 
 2
 The district court discharged the jury empaneled for Goodwin's felony assault trial after it granted Goodwin's motion of acquittal on the felony charge. The court proceeded on the lesser included offense of the misdemeanor assault charge. The evidence before the court showed that Goodwin had begun to act in self-defense when attacked by the (ultimate) victim. However, the evidence also showed that Goodwin went beyond the amount of force required to repel the attack, which force resulted in serious injury to the victim's eye. The district court found that, while Goodwin may have initially acted in self-defense, his use of excessive force merited a finding of guilt on the misdemeanor assault charge. The court subsequently sentenced Goodwin to one year of probation.
 
 
 3
 Goodwin first complains on appeal that the district court erred in discharging the jury. Goodwin's contention is without merit. Goodwin had no right to a jury trial on the misdemeanor assault charge. United States v. Coppins, 953 F.2d 86 (4th Cir. 1986).
 
 
 4
 Goodwin also complains on appeal that there was insufficient evidence to find guilt. This contention is also meritless. We construe the evidence in the light most favorable to the Government, asking only whether any reasonable trier of fact could have found guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Goodwin admitted striking the victim to do harm; the offense was committed in the special territorial jurisdiction of the United States; and there was ample evidence before the district court that showed Goodwin went beyond the degree of force necessary for his self-defense. The district court did not err in finding Goodwin guilty of a violation of § 113(d). See United States v. Black, 692 F.2d 314, 318 (4th Cir. 1984).
 
 
 5
 Because the district court did not err in discharging the jury or finding Goodwin guilty, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED