United States Court of Appeals,

Eleventh Circuit.

No. 94-2737.

UNITED STATES of America, Plaintiff-Appellee,

v.

Francis E. BROWN, Defendant-Appellant.

Jan. 4, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 93-134-MISC-J-10), Terrell Hodges, Judge.

Before EDMONDSON and BIRCH, Circuit Judges, and HENDERSON, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

This case presents the question of whether a defendant charged with multiple petty offenses (that is, offenses for which one may be imprisoned no more than six months) is entitled to a jury trial under the Sixth Amendment when the maximum allowable sentences for the charged offenses total greater than six months. The answer is "no." We hold that the denial of Brown's request for a trial by jury did not amount to constitutional error, and we affirm the decision of the district court.

I.

Francis E. Brown was charged with two petty offenses: removal of forest products (crooked wood) from a national park without authorization, in violation of 36 C.F.R. § 261.6(h), and parking in a restricted area, in violation of 36 C.F.R. § 261.56. Each count carried a maximum penalty of six month's imprisonment or a fine of $5,000, or both. 18 U.S.C. § 3571(b); 36 C.F.R. § 261.1b.

Brown's case was before a magistrate judge. The magistrate

denied Brown's request for a jury trial, and Brown was found guilty of removing forest property but not guilty of the parking violation. He was sentenced to three months unsupervised probation, a fine of $140, and a special assessment of $10. The conviction and sentence were upheld by the District Court (Hodges, J., presiding).

## II.

Brown's appeal presents a question of law, which we review *de novo*. *United States v. Terry,* 60 F.3d 1541, 1543 (11th Cir.1995). The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. The Supreme Court has read this language to apply only to "serious," as opposed to "petty," crimes. *Duncan v. Louisiana,* 391 U.S. 145, 159, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968); *see also United States v. Garner,* 874 F.2d 1510, 1511 (11th Cir.1989).

The distinction between the serious and the petty is to be made by reference to the maximum penalty authorized for a given offense by the relevant legislative body. *Baldwin v. New York,* 399 U.S. 66, 68, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437 (1970) (plurality opinion). Crimes carrying a maximum prison term of greater than six months are serious and must be tried to a jury if the defendant desires. *Baldwin,* 399 U.S. at 69, 90 S.Ct. at 1888. Crimes carrying a maximum term of six months or less are presumed (though not conclusively) to entitle a defendant to no jury trial. *Blanton v. City of North Las Vegas, Nev.,* 489 U.S. 538, 541, 109 S.Ct.

1289, 1293, 103 L.Ed.2d 550 (1989).

Other circuits, addressing the right to a trial by jury for multiple petty offenses whose maximum penalties add up to greater than six months' imprisonment, have reached a range of results. The Fourth Circuit, in *United States v. Coppins,* 953 F.2d 86, 89-90 (4th Cir.1991), held that jury trials are available under the Sixth Amendment to those facing aggregate penalties potentially exceeding six months, regardless of a judge's pre-expressed intentions not to impose a sentence greater than six months. Judge Niemeyer dissented, arguing that multiple petty offenses should not be aggregated, and would thus have concluded there was no right to a jury trial. *Id.* at 92 (Niemeyer, J., dissenting). Also, the Second Circuit recently held that "the mere possibility of consecutive sentences exceeding six months' imprisonment is insufficient to trigger a defendant's right to a jury trial." *United States v. Lewis,* 65 F.3d 252, 254 (2d Cir.1995).

The Tenth Circuit, in *United States v. Bencheck,* 926 F.2d 1512, 1519-20 (10th Cir.1991), held that multiple petty offense penalties should be aggregated, but even so, the trial judge can obviate the need for a jury trial by declaring on the record in advance that no prison sentence greater than six months will obtain. Judge Ebel, dissenting, would have held that aggregation was appropriate and that only the legislative maximum, not any prior determination by the trial judge, was relevant. *Id.* at 1520-21 (Ebel, J., dissenting). The Ninth Circuit, in a case that predates *Blanton,* has said that a defendant is entitled to a jury trial when the sentence actually imposed for multiple charges

exceeds six months.  *See Rife v. Godbehere,* 814 F.2d 563, 565 (9th Cir.1987).

Having considered the various opinions in these cases, as well as the arguments of counsel in this case, we are persuaded by *Lewis, supra,* and by Judge Niemeyer's dissent in *Coppins, supra.* We hold that the "aggregation" of penalties for multiple petty offenses does not mandate a jury trial.  That concerns for judicial economy may motivate the joinder of multiple charges in one trial does not affect the constitutional entitlement to a trial by jury. A crime is "serious" for Sixth Amendment purposes only when a popularly-elected legislature has deemed it to be so, as evidenced by the legislatively-designated maximum sentence.  *See Blanton,* 489 U.S. at 541 & n. 5, 109 S.Ct. at 1292 & n. 5.  In this case, Brown was charged with no serious offense.  Thus, in the words of Judge Niemeyer, "[t]his is the case where multiple zeros still add up to zero."  953 F.2d at 92.[*]  Brown's conviction before the magistrate must therefore be AFFIRMED.

---

[*]Counsel for Brown asserted at oral argument that the prosecution in this case may have been bound under Fed.R.Crim.P. 8 to bring both charges against him in a single action.  In contrast, Judge Niemeyer specifically noted that joinder in *Coppins* was permissive.  953 F.2d at 92.

We think the argument that joinder was mandatory here is not dispositive.  A statute requiring joinder would not reflect a legislative determination of the seriousness of any particular crime.  *Lewis,* 65 F.3d 252.