97 F.3d 1450
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Monroe Sidney SHERMAN, Defendant-Appellant.
 No. 95-5801.
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1996.
Decided Sept. 25, 1996.
 
 ARGUED: Mark Robert Wagner, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Douglas Brooke Farquhar, Assistant United States Attorney, Greenbelt, Maryland, for Appellee. ON BRIEF: James K. Bredar, Federal Public Defender, Greenbelt, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Greenbelt, Maryland, for Appellee.
 Before HALL and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 Affirmed by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Monroe Sidney Sherman appeals his convictions for driving under the influence, see 36 C.F.R. § 4.23(a)(1) (1995); failing to maintain control of a motor vehicle, see 36 C.F.R. § 4.22(b)(3) (1995); and refusing to submit to a breath test, see 36 C.F.R. § 4.23(c) (1995), arguing that he was deprived of his Sixth Amendment right to a jury trial. We affirm.
 
 I.
 
 2
 Sherman was charged with three Class B misdemeanor offenses, each punishable by a maximum of six months imprisonment and a fine of not more than $5,000, arising out his operation of an automobile on the Baltimore-Washington Parkway on October 18, 1992. See 16 U.S.C.A. § 3 (West 1992); 18 U.S.C.A. § 3571(b)(6) (West Supp.1996). He consented to proceeding before a magistrate judge, and demanded a jury trial. See 18 U.S.C.A. § 3401 (West 1985 & Supp.1996); 28 U.S.C.A. § 636(a)(3) (West 1993). The magistrate judge struck Sherman's demand for a jury trial, committing himself to the imposition of "a sentence that would not exceed the maximum sentence as to fine and/or imprisonment that could be imposed for any one petty offense." J.A. 9-10. Following a bench trial, Sherman was convicted of all three misdemeanors, sentenced to one year of probation, and ordered to pay a fine of $300 and a special assessment of $20.
 
 II.
 
 3
 Relying on the decision of this court in United States v. Coppins, 953 F.2d 86, 89-90 (4th Cir.1991), Sherman contends that because aggregation of the statutory maximum of multiple charges resulted in a potential sentence in excess of six months imprisonment, he was entitled to a jury trial under the Sixth Amendment. In Lewis v. United States, 116 S.Ct. 2163 (1996), however, the Supreme Court recently overruled our decision in Coppins, holding that there is no Sixth Amendment right to a jury trial when a defendant is prosecuted for multiple petty offenses in a single proceeding. Because it is undisputed that the offenses for which Sherman was prosecuted were petty ones, we affirm.
 
 AFFIRMED