**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5801

MONROE SIDNEY SHERMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-93-351)

Argued: May 8, 1996

Decided: September 25, 1996

Before HALL and WILKINS, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Mark Robert Wagner, Assistant Federal Public Defender,
Greenbelt, Maryland, for Appellant. Douglas Brooke Farquhar, Assis-
tant United States Attorney, Greenbelt, Maryland, for Appellee. **ON
BRIEF:** James K. Bredar, Federal Public Defender, Greenbelt, Mary-
land, for Appellant. Lynne A. Battaglia, United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Monroe Sidney Sherman appeals his convictions for driving under the influence, see 36 C.F.R. § 4.23(a)(1) (1995); failing to maintain control of a motor vehicle, see 36 C.F.R.§ 4.22(b)(3) (1995); and refusing to submit to a breath test, see 36 C.F.R. § 4.23(c) (1995), arguing that he was deprived of his Sixth Amendment right to a jury trial. We affirm.

I.

Sherman was charged with three Class B misdemeanor offenses, each punishable by a maximum of six months imprisonment and a fine of not more than $5,000, arising out his operation of an automobile on the Baltimore-Washington Parkway on October 18, 1992. See 16 U.S.C.A. § 3 (West 1992); 18 U.S.C.A. § 3571(b)(6) (West Supp. 1996). He consented to proceeding before a magistrate judge, and demanded a jury trial. See 18 U.S.C.A. § 3401 (West 1985 & Supp. 1996); 28 U.S.C.A. § 636(a)(3) (West 1993). The magistrate judge struck Sherman's demand for a jury trial, committing himself to the imposition of "a sentence that would not exceed the maximum sentence as to fine and/or imprisonment that could be imposed for any one petty offense." J.A. 9-10. Following a bench trial, Sherman was convicted of all three misdemeanors, sentenced to one year of probation, and ordered to pay a fine of $300 and a special assessment of $20.

II.

Relying on the decision of this court in United States v. Coppins, 953 F.2d 86, 89-90 (4th Cir. 1991), Sherman contends that because aggregation of the statutory maximum of multiple charges resulted in a potential sentence in excess of six months imprisonment, he was

2

entitled to a jury trial under the Sixth Amendment. In <u>Lewis v. United States</u>, 116 S. Ct. 2163 (1996), however, the Supreme Court recently overruled our decision in <u>Coppins</u>, holding that there is no Sixth Amendment right to a jury trial when a defendant is prosecuted for multiple petty offenses in a single proceeding. Because it is undisputed that the offenses for which Sherman was prosecuted were petty ones, we affirm.

<u>AFFIRMED</u>