J. Gaston B. Williams, U. S. Atty., Roanoke, Va., for plaintiff.

Melvin J. Radin, Norfolk, Va., for defendant.

## UNITED STATES of America

v.

## Donald A. FLETCHER

Crim. No. 80–0411–5.

United States District Court,
W. D. Virginia,
Charlottesville Division.

Jan. 23, 1981.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The defendant, Donald A. Fletcher, stands charged by Violation Notices for driving without an operator's license (Title 36 Code of Federal Regulations 4.5) and driving under the influence (Title 36 Code of Federal Regulations 4.6) while upon National Park land. A motion requesting a trial by a District Court Judge in lieu of a trial by a Magistrate was filed by the defendant. Defendant has now made a request for a trial by jury.

The court now finds that the Sixth Amendment to the Constitution of the United States guarantees a jury trial to defendants charged with "serious" offenses; while defendants charged with "petty" offenses are not constitutionally entitled to a jury trial. *Duncan v. Louisiana*, 391 U.S. 145, 159, 161, 88 S.Ct. 1444, 1452, 1453, 20 L.Ed.2d 491 (1968). A petty offense is any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500.00, or both. 18 U.S.C. § 1(3); *Also see Baldwin v. New York*, 399 U.S. 66, 71, 90 S.Ct. 1886, 1889, 26 L.Ed.2d 437 (1970); *Duncan v. Louisiana*, 391 U.S. at 159, 88 S.Ct. at 1452. Since the penalties potentially imposed by 36 C.F.R. § 1.3 denotes a petty offense, the court must find that the defendant is not entitled to a jury trial. Moreover, the court is not persuaded by the argument propounded by the defendant, that because there is a possibility that his operator's license may be suspended he will be subjected to more than a fine and an incarceration of up to six months. *See Commonwealth v. Ellett*, 174 Va. 403, 4 S.E.2d 762 (1939) (which held that . . . the revocation of the right to operate a vehicle upon the highways, . . ., is not a part of the punishment provided by law to be fixed by a court or jury upon conviction of a crime. The revocation . . . follows as a consequence and effect of conviction for crime).

Accordingly, the court will issue an appropriate order denying defendant's motion for a trial by jury.