UNITED STATES of America, Appellee,

v.

Joseph R. JENKINS, Appellant.

UNITED STATES of America, Appellee,

v.

Stacy B. HAZELWOOD and Curtis B. Dotson, Appellants.

Nos. 85–5212(L), 85–5527.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 6, 1985.

Decided Jan. 9, 1986.

**473**

John H. Hare, Asst. Federal Public Defender, Columbia, S.C. for appellants.

Alfred W. Bethea, Jr., Asst. U.S. Atty. (Vinton D. Lide, U.S. Atty., on brief), for appellee.

Before PHILLIPS and ERVIN, Circuit Judges, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.

ERVIN, Circuit Judge:

Appellants Hazelwood, Dotson and Jenkins were charged under the Assimilative Crimes Act, 18 U.S.C. § 13 (1982), with violating S.C.Code Ann. § 56–5–2930 (Law.

Co-op.1984) by driving their vehicles while under the influence of intoxicating liquors (D.U.I.) on Fort Jackson, a United States military reservation located in Columbia, South Carolina.[1] The maximum penalty for a first offense D.U.I. is thirty days in jail and a $200.00 fine. S.C.Code Ann. § 56–5–2940 (Law.Co-op.1984).

Appellants made pre-trial motions for their cases to be tried before a jury. The United States Magistrate denied such motions and the United States District Court affirmed. This appeal followed.[2]

On appeal, appellants contend that under U.S. Const. Art. III, § 2, cl. 3 and U.S. Const. amend. VI, they have a right to jury trial for a D.U.I. first offense in South Carolina. We disagree.

The Supreme Court of the United States has explicitly held that only defendants accused of "serious" crimes are given the right to trial by jury. *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) (citing *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968)). "Petty" offenses may be tried without a jury. *Id.* Thus, this Court must determine if a D.U.I. first offense in South Carolina is "serious" or "petty."

The Supreme Court has adopted a bright-line test for determining whether a crime is "serious." An offense carrying a maximum penalty in excess of six months' imprisonment is considered sufficiently severe to be automatically categorized as "serious." *Baldwin*, 399 U.S. at 69, 90 S.Ct. at 1888. This bright-line test is not met in the instant case. Appellants face a maximum penalty of only thirty days in jail under South Carolina law. S.C.Code Ann. 56–5–2940 (Law.Co-op.1984).

Finding that the bright-line test cannot be met, we must determine whether the crime is "serious" or "petty" by considering how South Carolina regards the offense. Two criteria guide us in making

1. Hazelwood and Dotson were charged on November 15, 1984. Jenkins was charged on March 15, 1985.

2. In accordance with agreement of all parties to the suit, the cases were consolidated by order of this Court for purposes of appeal.

this decision: (1) the intrinsic nature of the offense itself; and (2) the maximum potential penalty. *Baldwin*, 399 U.S. at 69 n. 6, 90 S.Ct. at 1888 n. 6; *United States v. Troxler Hosiery Co., Inc.*, 681 F.2d 934, 936 (4th Cir.1982). The Supreme Court has directed us to weigh the maximum penalty criterion as the more important of the two. *See Baldwin*, 399 U.S. at 68, 90 S.Ct. at 1887 (The most objective criterion reflecting the seriousness with which society regards the offense is the severity of the maximum authorized penalty); *Frank v. United States*, 395 U.S. 147, 148, 89 S.Ct. 1503, 1504, 23 L.Ed.2d 162 (1969) ("The most relevant indication of the seriousness of an offense is the severity of the penalty authorized for its commission.").

Considering the maximum penalty criterion first, we find that the extremely lenient authorized punishment in South Carolina for a D.U.I. first offense (thirty days in jail and a $200.00 fine) strongly indicates that the community in that state views the offense as "petty." When a statutory penalty is adopted, the legislature, as representative of society, "has included within the definition of the crime itself a judgment about the seriousness of the offense." *Frank v. United States*, 395 U.S. 147, 149, 89 S.Ct. 1503, 1505, 23 L.Ed.2d 162 (1969) (citing *Duncan*, 391 U.S. at 162 n. 35, 88 S.Ct. at 1454 n. 35). The penalty criterion, however, is not solely determinative of the issue whether an offense is "petty" or "serious." We must also consider the intrinsic nature of the offense.

■ In determining the nature of a D.U.I. first offense in South Carolina, we may examine the pertinent "laws and practices of the community taken as a gauge of its social and ethical judgments." *District*

*of Columbia v. Clawans*, 300 U.S. 617, 628, 57 S.Ct. 660, 663, 81 L.Ed. 843 (1937); *accord Duncan*, 391 U.S. at 161, 88 S.Ct. at 1453; *Baldwin*, 399 U.S. at 70, 90 S.Ct. at 1888. Appellants assert that the collateral consequences of a D.U.I. first offense conviction indicate that the South Carolina community views the nature of the offense as "serious." These consequences include: a $25.00 mandatory assessment upon conviction; probation and community service work in lieu of incarceration; attendance at an alcohol and treatment program costing as much as $200.00; automatic suspension of South Carolina Driver's License for six months; a six month automatic suspension of driving privileges in South Carolina for out-of-state drivers and possible suspension of driver's license by offender's home state; and possible increased insurance rates.[3]

Appellants also direct our attention to the general public mood in the country against "drunk drivers" as indicative of the serious nature of the crime. Groups such as "Mothers Against Drunk Driving" (MADD) and "Students Against Drunk Driving" (SADD) have organized to express the dangers involved in driving while intoxicated. Thirty states have enacted legislation since 1981 directed at controlling drunk driving. Heinzelmann, *Jailing Drunk Drivers: Impact on the Criminal Justice System*, 192 N.I.J. Reports 2 (July 1985).

In addition, twenty-four states have granted the right to jury trial in a D.U.I. first offense for reasons related to the seriousness of the offense.[4] South Carolina, however, is not one of these twenty-four states. The right to jury trial for a D.U.I. first offense in South Carolina is

---

3. We agree that the collateral consequences are helpful in evaluating the community's views of the offense. A crime involving a lesser maximum punishment than required by the *Baldwin* bright-line test can be classified as "serious" in light of the collateral consequences of the crime. *Cf. Baldwin*, 399 U.S. at 70, 73, 90 S.Ct. at 1888, 1890. The collateral consequences in the instant case, however, are not sufficiently severe to make up for the penalty's significant deficiency in not meeting the bright-line test.

4. Twenty states granted the right based upon their penalties meeting the *Baldwin* bright-line test. Three states have state Supreme Court decisions holding a D.U.I. to be a serious offense. One state granted the right under a statute specifically providing for jury trials in all D.U.I. prosecutions. (Supplemental Memorandum for Appellants at 10–11).

granted pursuant to S.C.Code Ann. 22–2–150 (Law.Co-op.1984). This statute, however, applies to all offenses within a magistrate's jurisdiction. The general applicability of this statute to a variety of offenses weakens its authority as an indicator of the serious nature of a D.U.I. first offense.

Considering the maximum penalty, collateral consequences, national public mood, and South Carolina's statutory right to jury trial, we cannot rule that the district court erred in finding the nature of the offense "petty." The potential sentence of thirty days imprisonment and $200.00 fine, the most important factor to be considered, is extremely lenient, thereby indicating a societal view that a D.U.I. first offense is not "serious." The other factors are not sufficiently compelling to outweigh the clear implication arising from the mild maximum penalty.

Appellants also contend on appeal that the Assimilative Crimes Act[5] assimilates into federal law a right to jury trial for a D.U.I. first offense provided by S.C. Const., art. I, § 14 and S.C.Code Ann. § 22–2–150 (Law.Co-op.1984). We disagree.

■ South Carolina's constitutional right to jury trial applies only to those cases in which a trial by jury was required at the time of the adoption of the state constitution. *C.W. Matthews Contracting Co., Inc. v. South Carolina Tax Commission,* 267 S.C. 548, 230 S.E.2d 223 (1976); *McGlohon v. Harlan,* 254 S.C. 207, 174 S.E.2d 753 (1970). A D.U.I. first offense did not exist at the time of the passage of South Carolina's Constitution. Therefore, a jury trial right for such offense in South Carolina is merely procedural. *See* S.C.Code Ann. § 22–2–150. As a result, the right is not assimilated into federal law by the Assimilative Crimes Act. *See Kay v. United States,* 255 F.2d 476 (4th Cir.) (procedural rights are not generally adopted by the

Act), *cert. denied,* 358 U.S. 825, 79 S.Ct. 42, 3 L.Ed.2d 65 (1958).

In accordance with our finding that a D.U.I. first offense in South Carolina is "petty" and that it is not assimilated by 18 U.S.C. § 13 (1982), we affirm the district courts' judgments to deny appellants a right to trial by jury.

AFFIRMED.

---

**5.** The Act states:

Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13 (1982).