818 F.2d 862
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Booker T. WOODS, Appellant.
 No. 86-5530.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 30, 1987.
Decided May 11, 1987.
 
 Before RUSSELL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 John H. Hare, Assistant Federal Public Defender, on brief) for appellant.
 Vinton D. Lide, United States Attorney; Alfred E. Bethea, Jr., Assistant U. S. Attorney; Marcia Mason, third year law student, on brief) for appellee.
 PER CURIAM:
 
 
 1
 Booker Woods was stopped at Fort Jackson, South Carolina for suspicion of driving under the influence of intoxicating liquors and under a suspended license. A consent trial before a magistrate was scheduled, and the government presented its evidence. Woods then agreed to a conditional plea of guilty to driving under the influence if the government dropped the driving under suspension charge. Woods preserved two issues for appeal.* The issue raised before this Court is whether the Fifth Amendment right to counsel is violated when an accused is not granted a private consultation with an attorney before deciding whether to submit to a breathalyzer test.
 
 
 2
 After Woods was arrested he was taken to the Provost Marshal's Office. Before taking the breathalyzer test, Woods asked to speak to his attorney. When his attorney was finally contacted, Woods was in a room with the police officer who administers the breathalyzer. Woods did not request that the officer leave the room so that he could privately consult with his attorney. After consulting with his attorney, Woods submitted to the test.
 
 
 3
 This Court has already held that no Sixth Amendment right to counsel is violated when an arrested person is not allowed to consult an attorney before deciding to submit to a breathalyzer test. Logan v. Shealy, 660 F.2d 1007, 1012-13 (4th Cir. 1981), cert. denied, 455 U.S. 942 (1982). We find no reason presented in this case to find a violation of the Fifth Amendment right to counsel, even assuming that the Fifth Amendment entitles an individual to consult with counsel in deciding whether to submit to a breathalyzer test.
 
 
 4
 Woods was allowed to converse with his attorney before agreeing to submit to the breathalyzer test. Woods does not allege that he was prevented from discussing any relevant issues due to the lack of privacy. Nor was any of the overheard conversation used as evidence against Woods. While we agree that lack of privacy to consult with an attorney may implicate Fifth Amendment issues, we find no such problems in this case.
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The right to a jury trial is not raised before this Court, as the issue was decided in a case prior to the filing of this appeal. United States v. Jenkins, 780 F.2d 472 (4th Cir. 1986), cert. denied, --U.S. ---, 54 U.S.L.W., 3793 (June 2, 1986)