**UNITED STATES of America, Plaintiff,**

v.

**Sir Richard MUSGRAVE, Paul Shardlow, David Amos, Graeme Deighton,[1] Defendants.**

**Crim. A. No. 88–00002–C.**

United States District Court, W.D. Virginia, Charlottesville Division.

Sept. 21, 1988.

Nunc Pro Tunc May 20, 1988.

Tom Bondurant, Asst. U.S. Atty., Roanoke, Va., for U.S.

Robert P. Boyle, Charlottesville, Va., for Musgrave.

Frederick W. Payne, Charlottesville, Va., for Shardlow.

James L. Camblos, III, Charlottesville, Va., for Amos.

### MEMORANDUM OPINION

MICHAEL, District Judge.

On May 9, 1988, the court heard the joint motions of the defendants Sir Richard Musgrave, Paul Shardlow, and David Amos requesting a trial by jury on the seven count Information originally filed in this court on March 25, 1988, and superseded on May 11, 1988. At the conclusion of the hearing the court granted the defendants' motions, the court believing that the potential aggravated sentences the defendants could receive placed these particular crimes into the category of "serious offenses," thus implicating the defendants' right to a jury trial. Upon reflection, and after considering the state of the case law in this district on the matters raised by the defendants' motion, the court thought it wise to memorialize its ruling in the form of a memorandum opinion.

Defendants contend that, if convicted, they are in jeopardy of receiving aggregate jail sentences in excess of six (6) months incarceration and, thus, are entitled to a jury trial notwithstanding the fact that

---

**1.** Graeme Deighton, having returned to England before the filing of the Information, is not now before this court.

each individual count charges only a petty offense. The government, on the other hand, relies upon *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), and this court's more recent decision in *United States v. Fletcher,* 505 F.Supp. 1053 (W.D. Va.1981), in support of its contentions that the petty offense counts charged in the current Information are not "serious" and thus not triable by jury, and that the court should not aggregate the potential punishment in determining the classification of these offenses for jury trial purposes.[2]

The defendants' motion has caused this court to revisit its decision in *Fletcher,* here noting that in that case the precise issue concerning aggregation of penalties was neither raised by the parties therein nor addressed by the court. Since the decision in *Fletcher,* the Court of Appeals for the Fourth Circuit, in *United States v. Jenkins,* 780 F.2d 472 (4th Cir.1986), has interpreted *Baldwin v. New York, supra,* as establishing two criteria to guide the court in determining whether a crime is "serious" or "petty" for jury trial purposes. In that respect, *Jenkins* instructs that the court must look to: "1) the intrinsic nature of the offense itself, and 2) the maximum *potential* penalty," 780 F.2d at 474 (emphasis added), *see also Baldwin,* 399 U.S. at 69 n. 6, 90 S.Ct. at 1888 n. 6. In addition, the *Jenkins* court emphasizes that more weight should be given the maximum potential penalty element than to the element of the intrinsic nature of the offense.

The Fourth Circuit has not, however, yet addressed the precise issue raised here, namely, whether the defendants are entitled to a jury trial where, under federal law, they could receive an aggregate sentence in excess of six months.[3] The Tenth Circuit Court of Appeals however, did address this issue in *United States v. Potvin,* 481 F.2d 380 (10th Cir.1973) and in *Haar v. Hanrahan,* 708 F.2d 1547 (10th Cir.1983).

The *Potvin* court was faced with the identical issue raised before this court, though the defendants in *Potvin* were charged only with two petty offenses arising out of the same transaction or occurrence. Here, of course, seven charges allegedly arise out of the same series of occurrences. The Tenth Circuit observed that a possibility of an aggregated one year jail penalty for the two offenses arising out of the same occurrence is "no less serious ... than if [the defendant were] charged with one offense having a potential penalty of one year's imprisonment." 481 F.2d at 382. The court held that defendants were entitled to a trial by jury. *Id.* at 383.

Though its later case of *Haar v. Hanrahan, supra,* was a habeas corpus proceeding addressing a slightly different set of charges against the petitioner, the Tenth Circuit explained that

> *Potvin* implicitly recognizes that modern criminal codes contain proscriptions that are far more complex, detailed and extensive than the criminal law that existed at the time of the adoption of the Constitution ... In particular, it (Potvin) recognizes that, because modern criminal codes permit multiple charges to flow from a single discrete act of criminality, a criminal prosecution can threaten a defendant with the consequences of a serious offense, even though the defendant is not charged with an offense deemed serious under *Duncan* and *Baldwin.*

\* \* \* \* \* \*

In determining the right to a jury trial, it (*Potvin*) looks to the aggregate penalty

---

**2.** The court observes that when the defendants were first brought before the court the government thought the offenses were serious enough to request a very substantial cash bond, though this was, in part, because of their status as citizens in Great Britain.

**3.** The court here limits its focus to the extent of potential punishment as instructed by the Court of Appeals for the Fourth Circuit in *Jenkins.* It

is not here dealing with collateral consequences associated with a conviction on the multiple counts charged in the information. Though the Court of Appeals in the Fifth Circuit in *Landrey v. Hoepfner,* 818 F.2d 1169 (5th Cir.1987) has given weight to collateral consequences such as loss of driver's license, etc., the Fourth Circuit directs our focus to the potential sentence.

that could result from the various charges arising out of a discrete criminal transaction.

708 F.2d at 1551.

The court believes that the reasoning of the Tenth Circuit is sound, and that if the Court of Appeals for the Fourth Circuit were presented with the issue, especially in light of *Jenkins*, it, too, would reach a similar result. The court's view is strengthened by the Information and superseding Information heretofore filed. Therein the government alleges a continuous course of conduct from March 16, 1986 to March 24, 1988 where the defendants are claimed both to have engaged in a conspiracy to violate the migratory bird and game animal laws of the United States and are claimed directly to have violated those laws. This alleged continuous conduct, coupled as it is with the allegation of conspiracy, in this court's view, is a discrete transaction. It is for a jury to determine whether the transaction, as alleged, occurred and the involvement, if any, of the defendants. Since the issue now before the court was neither argued nor considered in *Fletcher*, that case cannot be said to be guiding precedent here.

An order will enter granting the joint motion of the defendants for a trial by jury.