UNITED STATES of America,
Plaintiff–Appellee,

v.

Kimberly N. BOSSER,
Defendant–Appellant.

No. 88–1130.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 1988.

Decided Jan. 31, 1989.

Hayden Aluli, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Mark J. Bennett, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before CHOY, CANBY and NORRIS, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Appellant Kimberly Bosser appeals the district court's order reversing the decision of the magistrate granting appellant's motion to defer acceptance of her guilty plea pursuant to the procedures set forth in Hawaii Rev.Stat. § 853–1. We reverse the district court's order.

Appellant was charged with forgery under the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13 (1982), which makes state criminal laws applicable in federal courts exercising territorial jurisdiction over U.S. military bases. Appellant pleaded guilty to the charge against her. Appellant then moved to defer acceptance of her guilty plea pursuant to Hawaii Rev.Stat. § 853–1, which provides that when "the ends of justice" require it, a court may defer acceptance of a guilty plea upon certain probation-like conditions imposed on the defendant; if the defendant complies with the conditions, the court may dismiss the charges. The magistrate granted appellant's motion on condition that she behave herself in a specified manner for three months.

On appeal by the government, the district court reversed the magistrate's decision to defer acceptance of the guilty plea. The district court reasoned that the ACA only incorporates state substantive criminal law and does not incorporate state procedures such as the Hawaii "deferred acceptance" rule. *See* Order Reversing Decision of Magistrate, Excerpt of Record at 36–38. Bosser then appealed.

■ The ACA reads as follows:

Whoever within or upon [the special maritime or territorial jurisdiction of the United States] is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13 (1982). Appellant argues that the Hawaii deferred acceptance rule is a form of "punishment" within the meaning of the ACA. We agree, and reverse the district court's order.[1]

In our view the Hawaii deferred-acceptance rule constitutes a "punishment" for purposes of the ACA's requirement that criminal defendants prosecuted under the ACA receive "a like punishment" comparable to what they would receive in state court proceedings.[2] In essence, the Hawaii

1. The issue presented in this appeal is a question of law, which we review *de novo*. *See United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

2. The Hawaii law reads as follows:
    (a) Upon proper motion as provided by this chapter:
    (1) When a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;
    (2) It appears to the court that the defendant is not likely again to engage in a criminal course of conduct; and
    (3) The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, the court, without accepting the plea of nolo contendere or entering a judgment of guilt and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, may defer further proceedings.

(b) The proceedings may be deferred upon any of the conditions specified by section 706–624. The court may defer the proceedings for such period of time as the court shall direct but in no case to exceed the maximum sentence allowable. The defendant may be subject to bail or recognizance at the court's discretion during the period which the proceedings are deferred.
    (c) Upon the defendant's completion of the period designated by the court and in compliance with the terms and conditions established, the court shall discharge the defendant and dismiss the charge against the defendant.
    (d) Discharge of the defendant and dismissal of the charge against the defendant under this section shall be without adjudication of guilt, shall eliminate any civil admission of guilt, and is not a conviction.
    (e) Upon discharge of the defendant and dismissal of the charge against the defendant under this section, the defendant may apply for expungement not less than one year following discharge, pursuant to section 831–3.2.
Haw.Rev.Stat. § 853–1.

rule recognizes that the fact of having a felony on one's criminal record may itself constitute a substantial penalty for a crime. Giving an individual a criminal record labels her a law violator, a label that carries with it a range of social and economic disabilities. What the Hawaii rule does is substitute one penalty for another: it gives a defendant an opportunity to serve a probation-like sentence in lieu of having a felony put on her record, on the understanding that if probation is violated the guilty plea will be accepted. Like any probationary sentence, the magistrate's order in this case restricted the appellant's liberty and backed the restriction with the threat that if the order was violated she would suffer a greater penalty.

We think it is a matter of common sense that the deferred-acceptance rule is designed as a form of punishment, representing Hawaii's judgment that in some circumstances crime is more appropriately sanctioned by a probation-like sentence than by the stigma of a permanent criminal record. If the Hawaii legislature believes that the stigma of a felony record may be excessive punishment for the commission of a felony under some circumstances, the sentencing judge in an ACA prosecution must respect that judgment. To do otherwise would violate the ACA's fundamental purpose of punishing assimilated crimes "only in the way and to the extent that it would have been punishable" in state court proceedings. *United States v. Press Publishing Co.*, 219 U.S. 1, 10, 31 S.Ct. 212, 214, 55 L.Ed. 65 (1911); *see also United States v. Best*, 573 F.2d 1095, 1099 (9th Cir.1975) (in applying ACA's "punishment" term, federal courts must "effectuat[e] the policy of conformity to local law").

■■■ In its decision below, the district court relied on *United States v. Wilmer*, 799 F.2d 495 (9th Cir.1986), *cert. denied*,

481 U.S. 1004, 107 S.Ct. 1626, 95 L.Ed.2d 200 (1987). In *Wilmer*, we held that the Federal Rules of Criminal Procedure (Fed. R.Crim.P.) govern federal prosecution under the ACA, and may not be displaced by state procedural rules. We reasoned that while the ACA requires that "we apply 'state substantive criminal law as federal substantive law,' it does not require the adoption of state procedural rules." We therefore held in *Wilmer* that state rules of evidence could not be followed when they conflicted with those specified by the Federal Rules. 799 F.2d at 500 (quoting *United States v. Kearney*, 750 F.2d 787, 789 (9th Cir.1984)). In the present case, the district court reasoned that *Wilmer* barred the use of Hawaii's deferred-acceptance rule, because the rule is "procedural" rather than "substantive" and deals with pleading procedures covered by Fed.R. Crim.P. 11.

We disagree. *Wilmer* does not stand for the proposition that every state rule that can be characterized as "procedural" must be ignored in ACA proceedings. The point of *Wilmer* is that the ACA did not require the adoption of the state rules of evidence, and the federal rules explicitly stated that they applied in all criminal proceedings in the federal courts. Fed.R.Crim.P. 1; *see Wilmer*, 799 F.2d at 500. In the present case, however, we are faced with a statutory command of the ACA that offenders must be "subject to a like punishment." Hawaii has provided the deferred plea, coupled with probationary conditions, as an authorized punishment for forgery. The ACA brings that punishment into federal law. Moreover, contrary to the government's insistence, the deferred-acceptance rule does not conflict with Fed.R.Crim.P. 32 or other federal laws prohibiting undue delay in criminal trial and sentencing proceedings.[3] Nothing in the Federal Rules or

---

**3.** We do not view the Hawaii deferred-acceptance rule as a violation of Fed.R.Crim.P. 32(a), which provides that "[s]entence shall be imposed without unreasonable delay." If the defendant whose plea is deferred complies with the conditions of deferral, all of the sentence that will ever be imposed is imposed immediately. If the defendant violates the conditions of deferral, the sentence subsequently imposed is

clearly not "unreasonably" delayed; it was delayed for the reasonable purpose of determining whether defendants would fulfill the conditions of deferral.

Nor can we accept the government's suggestions that the Hawaii deferred plea will cause violations of the Speedy Trial Act. The Hawaii deferral is allowed only when the defendant has

other federal laws suggests that a federal court may not impose a probation-like penalty without also creating a criminal record.

In sum, we hold that the Hawaii deferred-acceptance rule constitutes a form of punishment within the meaning of the ACA. Its applicability to ACA proceedings is not affected by the fact that it can be characterized as "procedural" or deals with a subject matter addressed by the Federal Rules. Given the absence of conflict with any Federal Rule or other federal law pertaining to the treatment of guilty pleas, we conclude that the Hawaii deferred-acceptance rule is applicable to ACA prosecutions. The underlying purpose of the ACA is to enforce the same crimes, and inflict the same punishments, that individuals would receive in analogous state proceedings. Since Hawaii has provided that appellant's crime may be punished by probation without the creation of a criminal record, the ACA assures that appellant may be similarly punished for her crime in federal court.

The decision of the district court is reversed and the order of the magistrate is reinstated.

---

pled guilty or nolo contendere. Haw.Rev.Stat. § 853–1(a)(1). If the defendant violates the conditions of deferral, the court simply enters an adjudication of guilt on the plea; no trial is necessary. § 853–3. Even if the plea were

withdrawn and a trial followed, the period of delay would be excluded for Speedy Trial Act purposes upon a finding by the court that the continuance served the ends of justice. 18 U.S. C. § 3161(h)(8)(A).