**UNITED STATES of America**

v.

**Henry L. TYSON, Jr.**

**Cr. No. 93–69–S.**

United States District Court, M.D. Alabama, S.D.

Aug. 17, 1993.

James Eldon Wilson, U.S. Atty., Terry F. Moorer, Asst. U.S. Atty., David Chatham, Sp. Asst. U.S. Atty., Office of the Judge Advocate, Ft. Rucker, AL, for U.S.

Donald C. McCabe, Daleville, AL, for defendant.

## *ORDER*

MYRON H. THOMPSON, Chief Judge.

The government charged defendant Henry L. Tyson, Jr. with operating a motor vehicle while under the influence of alcohol at Ft. Rucker, Alabama, a federal military base, in violation of § 32–5A–191(a)(1) & (2) of the 1975 Alabama Code, which is applicable in this federal prosecution pursuant to the Federal Assimilative Crimes Act, 18 U.S.C.A. § 13. After Tyson's arrest, a military police officer at Ft. Rucker measured Tyson's blood alcohol content using a breath test machine

called the Intoxilizer 5000. According to the officer, the test showed that Tyson's blood alcohol content was, at least, 0.17%. At trial, Tyson made several novel objections which the court orally and summarily overruled. The court believes that, now that a jury has convicted Tyson, the reasons for the court's rulings should be set forth in more detail.

## I.

■ First, Tyson objected to the admission of the breath test results because the provisions of § 32–5A–194 and § 32–5–192 of the 1975 Alabama Code were not followed. Section 32–5A–194(a)(1) provides that breath tests must be "performed according to methods approved by the department of forensic sciences and by an individual possessing a valid permit issued by the department of forensic sciences for this purpose." The section further provides that the state shall not approve permits "for any law enforcement officer other than a member of the state highway patrol, a sheriff or his deputies, a city policeman or laboratory personnel employed by the department of forensic sciences." Tyson argues that, because the military police officer who administered the breath test is not a member of one of the law enforcement agencies specified in the statute, the officer cannot possess a valid permit.

Section 32–5–192(a) provides that "The law enforcement agency by which such officer is employed shall designate which . . . tests shall be administered." Tyson argues that the use of the Intoxilizer 5000 was not designated by an appropriate law enforcement agency.

■ According to the Fourth and Ninth Circuit Courts of Appeals, the Assimilative Crimes Act, 18 U.S.C.A. § 13, assimilates state substantive law but does not generally assimilate state procedures: *United States v. Bosser,* 866 F.2d 315, 317 (9th Cir.1989); *United States v. Wilmer,* 799 F.2d 495, 500 (9th Cir.1986), *cert. denied,* 481 U.S. 1004, 107 S.Ct. 1626, 95 L.Ed.2d 200 (1987); *United States v. Jenkins,* 780 F.2d 472, 475 (4th Cir.), *cert. denied,* 476 U.S. 1161, 106 S.Ct. 2283, 90 L.Ed.2d 724 (1986); *Kay v. United States,* 255 F.2d 476, 479 (4th Cir.), *cert. denied,* 358 U.S. 825, 79 S.Ct. 42, 3 L.Ed.2d

65 (1958). This principle, however, attempts to offer only a broad guideline regarding the assimilation of state procedures and does not mean "that every state rule that can be characterized as 'procedural' must be ignored in [Assimilative Crimes Act] proceedings," *Bosser,* 866 F.2d at 317. Rather, in determining whether a particular state rule should be assimilated, a court must look beyond labels and carefully and independently assess the nature of the rule at issue.

Applying this principle, the Ninth Circuit concluded in *Wilmer* that criminal proceedings in federal courts are governed by the Federal Rules of Evidence. 799 F.2d at 500. In reaching this conclusion, the appellate court relied on Rules 1 and 26 of the Federal Rules of Criminal Procedure. Rule 1 provides that "These rules govern the procedure in all criminal proceedings in the courts of the United States." Rule 26 provides that in criminal trials "the testimony of witnesses shall be taken orally in open court, unless otherwise provided by an Act of Congress or by these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court." Rule 26, according to the Advisory Committee Notes, "contemplates a uniform body of rules of evidence to govern in criminal trials in the Federal courts." And more specifically, the Rule contemplates that, in the absence of a federal statute, federal courts should apply federal rules of evidence in federal criminal proceedings. The Rule's Advisory Committee Notes provide:

"[Rule 26] is based on *Funk v. United States,* 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369, 93 A.L.R. 1136, and *Wolfle v. United States,* 291 U.S. 7, 54 S.Ct. 279, 78 L.Ed. 617, which indicated that in the absence of statute the Federal courts in criminal cases are not bound by the State law of evidence. . . ."

The *Wilmer* court held that, because the Assimilative Crimes Act is silent as to the rules of evidence which are applicable in prosecutions under the Act, Rule 26 requires that federal courts apply the Federal Rules of Evidence. 799 F.2d at 500. *See also United States v. DeWater,* 846 F.2d 528, 530 (9th Cir.1988) ("the purpose of the Assimila-

tive Crimes Act is to afford the federal government an opportunity to adopt state penal laws to meet federal ends; the prosecution of various crimes on federal enclaves. Using federal rules of evidence and procedure and case law promotes the uniform disposition of criminal matters in the federal system").

The Eleventh Circuit Court of Appeals has written that "Only those portions of state law defining the elements of an offense and proscribing punishment are automatically assimilated into federal law by the Federal Assimilative Crimes Act; other provisions of state law relating to the prosecution are assimilated only if they do not conflict with federal laws on the point." *United States v. Garner,* 874 F.2d 1510, 1512 (11th Cir.1989). *Garner* is consistent with *Wilmer*'s holding that, in the absence of a federal statute, the Federal Rules of Evidence apply to federal criminal proceedings. As shown above, the application of state evidentiary rules would conflict with Rules 1 and 26 of the Federal Rules of Criminal Procedure.

The provisions from § 32–5A–194(a)(1) and § 32–5–92(a) of the Alabama Code upon which Tyson relies are clearly procedural and evidentiary in nature. They merely regulate which persons can conduct breath tests in order to ensure the accuracy of the tests for evidentiary purposes. Indeed, the Alabama Court of Criminal Appeals has recognized that these provisions are procedural in holding that blood alcohol test results may be admitted into evidence under general evidentiary principles even if the statutory requirements have not been met. *Nelson v. State,* 551 So.2d 1152, 1154 (Ala.Crim.App.1989). The state provisions from § 32–5A–194(a)(1) and § 32–5–92(a) do not apply in a federal prosecution under the Assimilative Crimes Act.\*

■ In any event, assuming arguendo that the statutory provisions from § 32–5A–194(a)(1) and § 32–5–192(a) do apply, their requirements have been met. First, in compliance with § 32–5–192(a), the government submitted evidence that Ft. Rucker officials have specified that the Intoxilizer 5000

breath test is to be used to determine blood alcohol content. Second, the government submitted evidence that the military officer who administered the test had a state permit as required by § 32–5A–194(a)(1). Although § 32–5A–194(a)(1) does not list a military police officer as a "law enforcement official" who may be issued a permit, the Alabama Attorney General has issued an unpublished opinion stating that the law enforcement branches of the armed services, including military police, "hold the status of a 'city policeman' under the above-referenced statute for the purpose of administering blood alcohol tests within their respective federal jurisdictions." Opinion Letter from Don Siegelman, Alabama Attorney General, to David C. Emery, Geneva County District Attorney (June 29, 1987). The court agrees; on military enclaves, the military police perform the duties of state and local law enforcement, particularly with regard to traffic offenses. The state is entitled to give permits to qualified military police officers. Moreover, the military police officer who administered the breath test to Tyson was "specially deputized" by the local sheriff to serve as a state police officer authorized to administer the breath tests.

## II.

■ Tyson also contended that the government failed to make out a prima facie case because it failed to introduce into evidence the federal law, 18 U.S.C.A. § 13, upon which the prosecution is based. In the courts of Alabama, if a driving-under-the-influence prosecution is brought under a municipal ordinance, the municipality is required to introduce into evidence the local municipal ordinance in order to make out its case. *Ex Parte Woodson,* 578 So.2d 1049, 1050–51 (Ala.1991). Tyson argues that this requirement applies by analogy to federal prosecutions that assimilate § 32–5A–191 under 18 U.S.C.A. § 13. Although *Woodson* referred to the requirement as an "element of the offense," *id.* at 1051, it is, at most, only an additional procedural element for prosecu-

---

\* The court should not be understood as holding that all the provisions in § 32–5A–194(a)(1) and § 32–5–92(a) are not applicable to federal crimi-

nal proceedings. This court's holding is limited to those specific provisions in § 32–5A–194(a)(1) and § 32–5–92(a) upon which Tyson relies.

tions brought in state courts based on municipal ordinances, and Tyson has offered no logical basis for extending this procedural requirement to federal prosecutions. Introducing the ordinance into evidence is merely a procedural requirement and does not apply in this federal prosecution.

Accordingly, it is ORDERED that the objections made by defendant Henry L. Tyson, Jr. are overruled.