**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Delbert L. DOTSON, Defendant–Appellant.**

**No. 93–30197.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1994.

Decided Sept. 7, 1994.

---

William I. Lee, Tacoma, WA, for defendant-appellant.

William H. Redkey, Jr., Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before: SCHROEDER, BOOCHEVER, and BRUNETTI, Circuit Judges.

SCHROEDER, Circuit Judge:

■ Appellant Delbert L. Dotson was arrested on the Fort Lewis Military Reservation while driving his moped under the influ-

ence of alcohol. He was charged and convicted under the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, which makes it a federal crime for a person on a military base to commit a violation of the criminal law of the state in which the base is located. The sole question presented in this appeal is whether a moped is a "vehicle," for purposes of a Washington motor vehicle statute that makes it a crime to drive a vehicle under the influence of intoxicating liquor.[1]

Dotson was tried before a magistrate-judge who entered a judgment of conviction and sentence of one year in prison plus a fine, without addressing the legal issue. The district court summarily affirmed, but stayed the sentence pending this appeal. We reverse.

■ The Assimilative Crimes Act is designed "to conform the criminal law of federal enclaves to that of the local law except in those instances in which a specific federal crime has been set forth." *United States v. Palmer*, 956 F.2d 189, 191 (9th Cir.1992). Thus, a state statute, one assimilated through the ACA, becomes, in effect, a federal criminal statute. A state court's interpretation of an assimilated state law is not absolutely binding on federal courts, although state court interpretations of such laws are "advisory." *United States v. Kiliz*, 694 F.2d 628, 629 (9th Cir.1982). The applicability of Washington's drunk driving statute to operators of mopeds has never been addressed by the Washington courts.

■ The legal issue in this case turns upon an interpretation of Washington's statutory definition of "vehicle," which is contained in Wash.Rev.Code § 46.04.670. That section provides as follows:

'Vehicle' includes every device capable of being moved upon a public highway and in, upon, or by which any persons or property is or may be transported or drawn upon a public highway, including bicycles. The term does not include devices other than bicycles moved by human or animal power

---

1. The statute provides:
   A person is guilty of driving while under the influence of intoxicating liquor ... if the person drives a *vehicle* within this state ... and

   the person has 0.10 grams or more of alcohol per two hundred ten liters of breath within two hours after driving....
   Wash.Rev.Code § 46.61.502 (emphasis added).

or used exclusively upon stationary rails or tracks. Mopeds shall be considered vehicles or motor vehicles only for the purposes of chapter 46.12 RCW, but not for the purposes of chapter 46.70 RCW. Bicycles shall not be considered vehicles for the purposes of chapter 46.12, 46.16 or 46.70 RCW.

Wash.Rev.Code § 46.04.670 (1991).

It is by no means clear from this statute that mopeds are to be considered vehicles for purposes of the drunk driving statute. The first two sentences of the vehicle definition section establish that it is generally intended to include as vehicles motorized devices and to exclude as vehicles devices propelled by human power. The problem arises because mopeds are both.

The third sentence of § 46.04.670 states that mopeds are to be considered vehicles "only" for the purpose of one specific provision in the Washington Code, chapter 46.12, which requires vehicle owners to obtain certificates of ownership, and not for the purposes of chapter 46.70, which regulates vehicle dealers. The other three sentences in § 46.04.670, viewed in light of the history of that provision, convince us that under Washington law, mopeds are not vehicles for any purpose other than the certificate of ownership requirement.

The government asks us to hold that because mopeds may be used on the highways, they meet the portion of the statutory definition embodied in the first sentence of the provision, and that we should ignore the limiting language of the third sentence relating to mopeds by treating it as a mistake that, if given literal effect, would compel a nonsensical result. The government argues that a contrary interpretation would create a fatal inconsistency in the statutory scheme that makes bicycles subject to the rules of the road applying to motorized vehicles, but does not do the same for mopeds.

The issue, of course, is not what we would conclude if we were legislators as to the appropriate treatment of mopeds. The question is what the Washington Legislature has enacted with respect to mopeds. The history of the Washington statutes relating to vehicles, mopeds and bicycles makes it abundantly clear that the Washington Legislature has always considered mopeds as instrumentalities "moved by human ... power" and thus not included in the general definition of vehicles. This is demonstrated when we trace the progression of the Washington state statutory definition of "vehicle."

As originally enacted in 1961, § 46.04.670 provided:

> **Vehicle.** 'Vehicle' includes every device capable of being moved upon a public highway and in, upon, or by which any persons or property is or may be transported or drawn upon a public highway, excepting devices moved by human or animal power or used exclusively upon stationary rails or tracks.

An Act Relating to Vehicles, ch. 12, § 46.04.-670, 1961 Wash.Laws 240, 247. Neither bicycles nor mopeds were mentioned.

Mopeds were specifically added by amendments in 1979. Section 46.04.670 as amended in 1979 provided:

> 'Vehicle' includes every device capable of being moved upon a public highway and in, upon, or by which any persons or property is or may be transported or drawn upon a public highway, excepting devices moved by human or animal power or used exclusively upon stationary rails or tracks, *except that mopeds shall be considered vehicles or motor vehicles for the purposes of chapter 46.12 RCW, but not for the purposes of chapter 46.70 RCW.*

An Act Relating to Mopeds, ch. 213, § 4, 1979 Wash.Laws 1861, 1862 (emphasis added). In addition, the legislature added an express, separate definition of "moped" in the Code's definitions chapter to differentiate it from other devices. *See id.* § 1, 1979 Wash.Laws at 1862 (codified as amended at Wash.Rev.Code § 46.04.304).[2]

2. The statute provides:

> 'Moped' means a motorized device designed to travel with not more than three sixteen-inch or larger diameter wheels ... having fully operative pedals for propulsion by human power, and an electric or a liquid fuel motor ... that is capable of propelling the device at not more than thirty miles per hour on level ground. Wash.Rev.Code § 46.04.304.

The legislature in 1979 could have expanded the definition of "vehicles" to include mopeds, but it did not do so. Instead, it treated mopeds as if they were movable by human power, using the phrase "except that" to ensure that mopeds would be considered vehicles for purposes of chapter 46.12's certificate of ownership requirement. It added additional language, "but not for the purposes of chapter 46.70," to ensure that its decision to subject mopeds to certificate of ownership requirements would not be read as also subjecting moped sellers to chapter 46.70's vehicle dealer regulations.

The 1979 moped amendments to the Washington Motor Vehicle Code were, no doubt, a reaction to the increase in the popularity of mopeds in America in the 1970s. A book on the subject published in 1977 described itself on the cover as the "Complete Guide to the Fun and Function of America's Newest Vehicle ..." Paul DuPre, *Mopeds* (1977). Other publications of the era explain that while mopeds had been extremely popular in Europe for decades, they only began to enjoy modest success in the United States in the mid–1970s. Terry Arthur, *The Moped Handbook* 18 (1977). Mopeds are designed to reach speeds of no more than 20–30 miles per hour, and in 1979 were viewed as a solution to escalating fuel prices. Steve Pyle, *Mopeds: The Complete Guide*, 1, 4 (1979); *see also* Wash.Rev.Code § 46.04.304 (defining moped as a "motorized device" not capable of going more than 30 miles an hour).

In the early 1970s, the American Motorized Bicycle Association recommended model legislation to cover mopeds. The Association suggested that states remove motorized bicycles from statutory definitions for motorcycles and motor vehicles, and define motorized bicycles separately. Arthur, *supra*, at 124–25 (setting forth proposed legislation). The recommended legislation also provided that motorized bicycles be subject to all the rules of the road. *See id.*

Washington apparently went only part of the way in adopting these recommendations.

It set forth a separate definition for mopeds, and imposed a certificate of ownership requirement, but never made mopeds subject to the rules of the road.

This history of the rising popularity of mopeds in the 1970s and the contemporaneous movement for special state moped laws is contrary to the government's view that the original vehicle definition adopted by the Washington Legislature in 1961 was meant to encompass mopeds. Washington's failure to include mopeds specifically as vehicles when it first addressed them in 1979, and its choice of the phrase "except that" to ensure compliance with chapter 46.12, convinces us that the legislature never intended to subject mopeds to the same regulations that covered cars, trucks and motorcycles.[3]

It is clear that the Washington Legislature knows how to add additional devices to the definition of vehicles in § 46.04.670 when it intends to do so. When the legislature considered the application of its motor vehicle code to bicycles in 1991, it made the amendments to § 46.04.670 that brought it into its present form. The legislature expressly included bicycles within the definition of vehicles, thus making them subject to the rules of the road that bind motor vehicles, albeit with certain limitations, *see* Wash.Rev.Code § 46.-61.755. It did not, however, choose to expand the applicability of the vehicle provision to mopeds:

> 'Vehicle' includes every device capable or being moved upon a public highway and in, upon, or by, which any persons or property is or may be transported or drawn upon a public highway, including bicycles. The term does not include devices other than bicycles moved by human or animal power or used exclusively upon stationary rails or tracks. Mopeds shall be considered vehicles or motor vehicles only for the purposes of chapter 46.12 RCW, but not for the purposes of chapter 46.70 RCW. Bicycles shall not be considered vehicles for the purposes of chapter 46.12, 46.16 or 46.70 RCW.

Mopeds, ch. 213 § 5, 1979 Wash.Laws at 1863 (codified as amended at Wash.Rev.Stat. § 46.16.-630).

---

**3.** The Washington Legislature provided for a special, separate registration scheme for mopeds in the 1979 legislation. *See* An Act Relating to

An Act Relating to Bicycle Safety, ch. 214, § 2, 1991 Wash.Laws. 1090, 1090–91.

The language concerning mopeds was modified somewhat so that it more clearly stated what apparently had been intended earlier with the 1979 moped amendments, i.e. that "mopeds shall be considered vehicles or motor vehicles *only for* the purposes of chapter 46.12 RCW, but not for the purposes of chapter 46.70 RCW" (emphasis supplied to indicate added language). Bicycles were exempted from the provisions of both chapters, as well as from provisions of chapter 46.16, which deals with vehicle registration and licensing, but were otherwise expressly treated as vehicles. Mopeds were not.

In short, when the legislature dealt with mopeds in 1979, it created a definition of a new statutory creature and made only one provision of the motor vehicle laws applicable to it. It did not choose to bring mopeds within the full definition of motor vehicles, as it did with bicycles, when it amended the statute in 1991. Accordingly, the language of the statute upon which Dotson relies, that mopeds are vehicles "only" for purposes of the certificate of ownership provision, does not create an anomaly, but accurately reflects the Washington Legislature's design.

The judgment and conviction is therefore REVERSED.