UNITED STATES of America,
Plaintiff–Appellee,

v.

Isadore M. SYLVE, Defendant–Appellant.

No. 96–30327.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 1997.

Decided Feb. 2, 1998.

William Michelman, Tacoma, Washington, for the defendant-appellant.

Barbara Sievers, Special Assistant United States Attorney, Seattle, Washington, for the plaintiff-appellee.

Before: WRIGHT, BOOCHEVER, and TROTT, Circuit Judges.

BOOCHEVER, Circuit Judge:

Appellant Isadore Sylve was arrested within a federal enclave in the State of Washington for driving under the influence of alcohol. Sylve moved for "deferred prosecution," a rehabilitation program available under Washington law which resembles pre-conviction probation. The federal magistrate denied Sylve's motion in the belief that the program is not "punishment" and thus not assimilated into federal law through the Assimilative Crimes Act, 18 U.S.C. § 13. Sylve appeals the district court's order affirming the magistrate's decision.

I.  Facts and Procedural History

Sylve was stopped at the gate of McChord Air Force Base, where he was arrested on suspicion of driving under the influence ("DUI"). A search of his car produced a half-full bottle of Crown Royal Whisky. Mr. Sylve was charged with DUI and having an open container in his vehicle, violations of Washington state law prosecutable by the federal government under the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13(a).[1]

---

1.  Sylve and the government entered into a plea    agreement. Under its terms, Sylve stipulated to

The ACA makes state criminal laws applicable in federal courts exercising territorial jurisdiction over military bases and other federal enclaves.

■ In pertinent part, the ACA reads as follows:

> Whoever within or upon [a federal enclave] is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a). The magistrate hearing Sylve's case denied his motion for deferred prosecution, reasoning that the program cannot be "punishment" to be assimilated under the ACA because the defendant retains the right to a bench trial, and therefore "the ultimate determination of guilt or innocence is still theoretically left up in the air" during the period of treatment for alcoholism. Sylve argues that the Washington deferred prosecution program nevertheless is a form of "punishment" within the meaning of the ACA. We agree, and reverse the district court's order.[2]

## II. Washington's Deferred Prosecution Scheme

Washington's deferred prosecution scheme is a form of preconviction probation available to persons charged with misdemeanors or gross misdemeanors who admit under oath that their wrongful conduct resulted from alcoholism, drug addiction, or mental problems for which they are in need of treatment. RCW 10.05.020. To qualify, the petitioner must execute a statement waiving his right to testify, the right to a speedy trial, the right to call witnesses to testify, the right to present evidence in his defense, and the right to a jury trial. *Id.* at Subsection (2). He must stipulate to both the admissibility and sufficiency of the facts contained in the written police report. *Id.* He must acknowledge "that the statement will be entered and used to support a finding of guilty if the court finds cause to revoke the order granting deferred prosecution." *Id.* The petitioner is "advised that the court will not accept a petition for deferred prosecution from a person who sincerely believes that he or she is innocent of the charges or sincerely believes that he or she does not, in fact, suffer from alcoholism, drug addiction, or mental problems." *Id.*

The two year alcoholism program mandated under the deferred prosecution program is rigorous, imposing various disabilities upon the participant such as twice-weekly recovery meetings, relinquishment of the right to refuse certain prescription drugs, and total abstinence from alcohol and nonprescribed drugs.[3] The participant's driving privileges

---

the facts supporting the DUI charge to preserve his right to appeal the denial of his motion for a deferred prosecution, and the government agreed to have the open container charge dismissed.

2. The issue presented in this appeal is a question of law, which we review *de novo*. *United States v. Bosser*, 866 F.2d 315, 316 n. 1 (9th Cir.1989).

3. The program must include, but need not be limited to, the following:
(1) Total abstinence from alcohol and all other nonprescribed mind-altering drugs;
(2) Participation in an intensive inpatient or intensive outpatient program in a state-approved alcoholism treatment facility;
(3) Participation in a minimum of two meetings per week of an alcoholism self-help recovery support group, as determined by the assessing agency, for the duration of the program;

(4) Participation in an alcoholism self-help recovery support group, as determined by the assessing agency, from the date of court approval of the plan to entry into intensive treatment;
(5) Not less than weekly approved outpatient counseling, group or individual, for a minimum of six months following the intensive phase of treatment;
(6) Not less than monthly outpatient contact, group or individual, for the remainder of the two-year deferred prosecution period;
(7) The decision to include the use of prescribed drugs, including disulfiram, as a condition of treatment shall be reserved to the treating facility and the petitioner's physician;
(8) All treatment within the purview of this section shall occur within or be approved by a state-approved alcoholism treatment facility as described in chapter 70.96A RCW;

are placed on probationary status for five years by the department of motor vehicle licensing. RCW 10.05.060. The court may also appoint the probation department to supervise the petitioner, making contact "at least once every six months." RCW 10.05.170.

If a petitioner who has been accepted for deferred prosecution fails to fulfill any term or condition of his treatment plan, the overseeing facility must immediately report the breach to the court. RCW 10.05.090. The court must then hold a hearing to determine whether the petitioner should be removed from the deferred prosecution program. *Id.* If the court revokes the petitioner's deferred prosecution, "the court shall enter judgment pursuant to RCW 10.05.020." *Id.* That section provides that the petitioner's statement waiving rights and stipulating to facts "will be entered and used to support a finding of guilty." RCW 10.05.020.

The Washington statute envisions an extremely abbreviated process for the bench trial, because almost every possible defense usually open to a defendant is foreclosed. The official form to be used by petitioners contains the following description: "Petitioner understands there will not be a trial; the Judge will simply read the police report to determine guilt or innocence of Petitioner."

## III. The Assimilative Crimes Act

Congress passed the ACA to ensure the uniformity of crimes and punishments, and to promote the spirit of comity in the federal system. The Supreme Court described the purpose of assimilating state law:

Congress ... sedulously considered the twofold character of our constitutional government, and had in view the enlightened purpose, so far as the punishment of crime was concerned, to interfere as little as might be with the authority of the states.... [I]nstead of fixing by its own terms the punishment for crimes committed on such [enclaves, the statute] ...

(9) Signature of the petitioner agreeing to the terms and conditions of the treatment program.
RCW 10.05.150.

adopted and wrote in the state law, with the single difference that the offense, although punished as an offense against the United States, was nevertheless *punishable only in the way and to the extent* that it would have been punishable if the [enclave] remained subject to the jurisdiction of the State.

*United States v. Press Publ'g Co.*, 219 U.S. 1, 9–10, 31 S.Ct. 212, 214, 55 L.Ed. 65 (1911) (emphasis added). The Court's interpretation of Congressional purpose supports the incorporation of crimes and punishments established under state law to the greatest extent feasible.[4]

## IV. Analysis

■ The question presented in this case is only slightly different from that raised in *United States v. Bosser*, 866 F.2d 315 (9th Cir.1989). In *Bosser*, this court evaluated Hawaii's "deferred acceptance" (of guilty plea) diversionary program to determine whether it constituted "punishment" subject to incorporation into federal law through the ACA. Kimberly Bosser was charged with forgery under the ACA. *Id.* at 316. She pled guilty and pursuant to a Hawaii statute moved to defer acceptance of her guilty plea and to be placed on pre-conviction probation. *Id.* A magistrate granted her motion, but the district court reversed. Bosser appealed and we reversed the district court, holding that Hawaii's deferred acceptance program is "punishment" incorporated into federal law under the ACA. *Id.* We reasoned that "[w]hat the Hawaii rule does is substitute one penalty for another: it gives a defendant an opportunity to serve a probation-like sentence in lieu of having a felony put on her record, on the understanding that if probation is violated the guilty plea will be accepted." *Id.* at 317.

■ In *Bosser*, we emphasized both a commonsense approach to determining whether the state program at issue is a

4. *See also United States v. Sharpnack*, 355 U.S. 286, 290, 78 S.Ct. 291, 294, 2 L.Ed.2d 282 (1958) (state law should be closely mirrored, for "Congress expressly adopted the fundamental policy of conformity to local law").

punishment, and the importance of deference to state lawmakers in reaching a conclusion:

> We think it is a matter of common sense that the deferred-acceptance rule is designed as a form of punishment, representing Hawaii's judgment that in some circumstances crime is more appropriately sanctioned by a probation-like sentence than by the stigma of a permanent criminal record. If the Hawaii legislature believes that the stigma of a felony record may be excessive punishment for the commission of a felony under some circumstances, the sentencing judge in an ACA prosecution must respect that judgment. To do otherwise would violate the ACA's fundamental purpose of punishing assimilated crimes "only in the way and to the extent that it would have been punishable" in state court proceedings.

*Id.* (quoting *Press Publ'g Co.*, 219 U.S. at 10, 31 S.Ct. at 214). The question what is "punishment" is best resolved by looking to whether the state intended the scheme to be a form of punishment.[5] So doing "accomplishes the [ACA's] objective of providing a criminal law for federal enclaves while at the same time effectuating the policy of conformity to local law." *United States v. Best*, 573 F.2d 1095, 1099 (9th Cir.1978).

The Supreme Court of Washington has determined that the deferred prosecution scheme at issue is "a form of sentencing." *Abad v. Cozza*, 128 Wash.2d 575, 911 P.2d 376, 378 (1996). Significantly, that court said that "the mere label 'deferred prosecution' obscures the characteristics of the process in RCW 10.05, which is fundamentally a new sentencing alternative of preconviction probation, to be added to the traditional choices of imprisonment, fine, and postconviction probation." *Id.* (internal quotations and citation omitted). Thus it is apparent that the Supreme Court of Washington views deferred prosecution as a form of punishment.

The government argues that the deferred prosecution scheme cannot be characterized as punishment because it precedes, rather than follows, the usual prerequisites to punishment: plea, acceptance of plea, trial, and conviction. However, the deferred acceptance (of plea) scheme found to be "punishment" in *Bosser* also effectively postponed the acceptance of plea and conviction stages. It also obviated the need for a trial. The only difference between Washington and Hawaii's programs is that in Hawaii, petitioners must formally lodge guilty pleas. In Washington, they need not do so. However, Washington petitioners must waive all essential rights, stipulate to all facts necessary to ensure their conviction, and disclaim their innocence. Thus, the difference between the two programs is a formality: Washington's deferred prosecution scheme is functionally equivalent to Hawaii's deferred acceptance scheme.

Further, like the Hawaii legislature in *Bosser*, the Washington state legislature appears to have intended to defer (and in successful cases, entirely avoid) much of the formal procedure. The granting of deferred prosecution is conditioned upon the petitioner enabling the state to develop and preserve all the evidence necessary to ensure a swift verdict of guilty in a summary proceeding should the petitioner stray from the substance abuse program. As with the Hawaii law, the petitioner in Washington state places his head on the block, where it remains for the probationary period.

### Conclusion

Congress enacted the ACA to ensure that crimes committed in federal enclaves be "punishable only in the way and to the extent that [they] would have been punishable if the [enclave] remained subject to the jurisdiction of the State."[6] Accordingly, we agree with the Supreme Court of Washington that the deferred prosecution scheme is "a sentencing alternative to be added to the traditional choices of imprisonment, fine, and postcon-

---

5. This court has recognized that "[a] state court's interpretation of an assimilated state law is not absolutely binding on federal courts, although state court interpretations of such laws are 'advisory.'" *United States v. Dotson*, 34 F.3d 882, 883 (9th Cir.1994) (citation omitted).

6. *Press Publ'g Co.*, 219 U.S. at 10, 31 S.Ct. at 214.

viction probation."[7] Viewed functionally, it is a form of punishment to be incorporated through the ACA.

Therefore, we REVERSE and REMAND for the district court to determine whether, according to the provisions of RCW 10.05, Sylve's motion for deferred prosecution should be granted.

---

**7.** *Abad,* 911 P.2d at 378 (internal quotations and citation omitted).